Filed 9/16/20  P. v. Streeter CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B304652 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA464198) |
| v. | |
| DEMETRICE STREETER, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Demetrice Streeter (defendant) appeals from an order denying his request to strike or dismiss the five-year sentence enhancement imposed pursuant to Penal Code section 667, subdivision (a)(1).[1]  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On July 13, 2020, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

have considered. That time has elapsed, and defendant has submitted no brief or letter. We have reviewed the record, and finding no arguable issues, affirm the judgment.

In 2018, defendant was convicted of criminal threats, unlawful possession of a firearm by a felon, and assault with a semiautomatic firearm.[2] Defendant was sentenced as a second-strike offender under the Three Strikes law to three years for the assault count, doubled to six years, plus a three-year firearm enhancement and a five-year recidivist enhancement pursuant to section 667, subdivision (a)(1), for a total term of 14 years in prison. The sentences on the remaining counts were stayed or run concurrently. We corrected an error in the judgment and affirmed the judgment as corrected, but remanded for the trial court to consider whether to exercise its discretion under amendments to sections 1385 and 667, subdivision (a)(1) (effective Jan. 1, 2019), to strike the five-year recidivist enhancement.

The evidence at trial showed that defendant approached the janitor at the residential hotel where defendant lived as the janitor was mopping a stairway in the building. When the janitor asked defendant to take a different stairway, defendant cursed and climbed the wet stairs. A short time later, defendant reappeared and said, "You don't know who I am. I don't play around with people. I'm 70 years old. I'm too old for this." Defendant yelled and cursed. Other residents, including the

---

[2] We granted defendant's request for judicial notice of the appellate record in defendant's first appeal. (See *People v. Streeter* (Sept. 25, 2019, B290158) [nonpub. opn.] (*Streeter I*).) We summarize relevant background facts from that opinion.

janitor's pregnant fiancée, came out of their rooms and watched as defendant approached the janitor, pointed a gun at his chest, and threatened to shoot him and his fiancée. Before returning to his room defendant said, "You better be lucky I didn't shoot. I catch you outside, [I'll] shoot your bitch ass." The police later found a loaded firearm in defendant's apartment.

Defendant attached evidence to his brief supporting his request that the trial court strike his recidivist enhancement. Medical records (exh. B) showed that defendant was 70 years old with type-2 diabetes and gastro esophageal reflux disease, and was presently undergoing radiation treatment for cancer. Prison records (exh. A) showed that defendant participated in mental health services and had been free of discipline during his one-and-a-half years of incarceration. The prosecution opposed striking the enhancement, pointing out that at the original sentencing the trial court considered such mitigating factors as defendant's age and his representation that he had prostate cancer.

On January 27, 2020, the trial court denied the request to strike the recidivist enhancement, stating that it had read and considered the appellate opinion, the parties briefs and the evidence submitted by defendant, and heard defendant's statement as well as the argument of counsel. The court explained that at his original sentencing, it had balanced defendant's lengthy criminal history, which included at least three state prison commitments, and the seriousness of the offense in this case, and had given him the low term, a 14-year total sentence which was half his maximum exposure of 28 years. Defendant filed a timely notice of appeal from the trial court's order.

3

We review a trial court's decision under section 1385 for abuse of discretion; and we do not disturb the court's discretion unless its sentencing decision was irrational or arbitrary. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375, 377 [refusal to strike or dismiss prior conviction].) Where, as here, we find no indication that the trial court's sentencing decision was arbitrary or irrational, or that the court failed to act to achieve legitimate sentencing objectives, we do not disturb the court's exercise of discretion. (See *People v. Giminez* (1975) 14 Cal.3d 68, 72.)

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the trial court's order denying his request to have the recidivist enhancement stricken. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

_____

LUI, P. J.        ASHMANN-GERST, J.        CHAVEZ, J.